Would the clerk call the next case please? 3-14-01-11. In re Marriage of Chatterjee, appellate by Richard Goldner v. Kevin Maroney. Good morning. Good morning, your honors. If it please the court, my name is Richard Goldner and I represent Manny Chatterjee in this case. We bring this case before the court on a single issue. Mrs. Chatterjee is seeking unsupervised visitation for her minor child. She has filed various petitions in court and basically we are appealing the judge's ruling denying a motion to get unsupervised visitation. The only evidence which was presented or the only expert evidence in the case was Dr. Ali's report. Dr. Ali's report is very comprehensive and like everything else that was presented in trial in this case, there is no evidence whatsoever of any serious endangerment to the child with respect to Mrs. Chatterjee having unsupervised visitation. Dr. Ali suggests some break in time, some more supervised visitation using the standard of best interests, but applying the standard of 755 ILCS 5607 in order for the court to have Mrs. Chatterjee have supervised visitation, there has to be a serious endangerment to the child and there is none shown. Basically this is an extensive file, it is volumes and volumes, most of which unfortunately is a conflict between the petitioner and the guardian at light, which has nothing to do with this. Checking through the file, checking through all of the evidence, there is no serious endangerment to this child. Back in 2008, when supervised visitation was originally ordered, Mrs. Chatterjee was out of state, there were criminal charges pending against her ex-husband, and the court had a fear of alienation. But if you check through the entire file, there is not a scintilla of evidence now that Mrs. Chatterjee provides any endangerment whatsoever to Megha. Dr. Ali's report, which again is extensive, about the only thing in the history of the case which would suggest any kind of restriction or any kind of danger is a suggestion of some alienation, and that is that she has never provided a physical danger, a moral danger, any danger to the child, and that is clear by the report. But also what is very significant in this case is Mr. Murani was objecting to the unsupervised visitation throughout the case. He objected, he fought it all the way, he produced not only no evidence suggesting that there was a reason why there should be supervised visitation, basically his testimony, his case was smoke and mirrors. There is no reason why Mrs. Chatterjee should not have unsupervised visitation with her child. The appropriate person for me to bring up here would be Clara Peller, to ask where is the beef? There is nothing here to suggest any danger whatsoever to Megha or Mrs. Chatterjee to have unsupervised visitation. Dr. Ali's report is extensive, obviously mother and child have to be reunified more, but as far as continuing supervised visitation, there is no reason. Just for example, the Ross case in itself applies very seriously the serious endangerment standard. Well what do you say, the allegation is that your client convinced her daughter that her father had sexually abused her? Okay, that is in 2008, and there is no reason, okay, at this particular point, there has been no suggestion in any of the reports that this is ongoing or has continued. Obviously there is not goodwill between the two litigants, and again, the fact that Mr. Maroney was acquitted just shows he was not proven guilty beyond a reasonable doubt. There is no evidence contained in any of the reports that there has been any ongoing statements of this kind whatsoever. No statements between the mother and the daughter, which would in any way suggest there has been any kind of poisoning. If anything, the record would show in the opposite direction, that the husband has done everything he could, the father, to interfere with Mrs. Chatterjee establishing a good relationship with the daughter. There is nothing in here, there is no report, there are no statements, there are no allegations. We are dealing with again what happened in 2008, we are now in 2014. Mrs. Chatterjee is going through every hoop, has made every effort she can, has hired supervisors to develop and maintain the relationship with her daughter. She is asking for the next step, that she be granted unsupervised visitation. I believe the record, Dr. Ali's testimony, and even Mr. Maroney's testimony, which he has stated no substantial reason why this woman should be denied unsupervised visitation. The child had to undergo psychiatric care and there was indoctrination questions still occurring, isn't that right? Even with the supervised visitation, there were inappropriate comments made, the judge referred to. Those inappropriate comments about, you know, call us up, is Kevin doing this or that, does he yell at you? I mean there are all kinds of attempts, there is a consistent pattern like that, isn't there? Even with the supervised visitation. In Dr. Ali's report, and also the supervisors themselves didn't have any problem with Mrs. Chatterjee's conduct, Dr. Ali referred to some statements. But again, that in itself would not be any basis whatsoever to deny her unsupervised visitation. I mean there's a history in this case, and then there's the child is hearing comments that make her feel badly, isn't that right? There were some, again, in Dr. Ali's report there were some negative statements, but they were of a minor nature. And if those were the basis for supervised visitation, then 90% of the cases, divorce cases, would have that because there are not wonderful feelings between husband and wife. But here there is no endangerment. The fact that there is not a wonderful relationship between Mrs. Chatterjee and Mr. Maroney is typical of any contested divorce case. There is nothing in, and again, Dr. Ali's report is the only evidence of any minor statements on her part. I don't think they would amount to anything which would justify to have her visitation supervised. Any other questions? Thank you very much, Iris. Thank you, Mr. Craven. We thank you for your argument this morning. We'll take the case under advisement, and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a final change.